## E. E. KELSEY V. THE STATE.

No. 10971.   Delivered June 15, 1927.

**Transporting Intoxicating Liquor — Smelling Liquor by Jury — Improper Practice.**

Where, upon a trial of a liquor case, the jar of liquor introduced in evidence was handed to the jury, who passed the same from one to the other and smelled its contents, this was improper, but in the instant case it being shown conclusively that the contents of the jar was whiskey, the error would not warrant the reversal of this case.   See Reed v. State, 100 Tex. Crim. Rep. 512.

Appeal from the District Court of Eastland County.   Tried below before the Hon. Elzo Bean, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of transporting intoxicating liquor, punishment one year in the penitentiary.

We find no brief on file for the appellant.   The record contains but one bill of exceptions, which complains of the fact that the jar of liquor introduced in evidence was handed to the jury who passed the same from one to the other and smelled its contents.   Such conduct is condemned in Reed v. State, 100 Tex. Crim. Rep. 512, in which case, however, we held that such improper circumstance would not call for a reversal, there being no showing of the fact that the jury received or appropriated any improper testimony as a result.   In the instant case a number of witnesses testified to the fact that the contents of the jar in question was whiskey.   No one controverted that fact. Appellant appears to have offered no testimony.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*